69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert J. JUAREZ, Plaintiff-Appellant,
v.
Calvin LEE, Counsel of Record, Official and Individual
Capacity, At Law and Equity; Walter E. Brown, III, Judge,
Official Capacity, Equitable Relief and Attorney, Individual
Capacity, at Law Relief; Carol Winch, also known as Carol
McIntire, at Law Relief; Keith Cross, Deputy D.A., Official
and Individual Capacity at Law & Equitable Relief; Beth
Bascom, Investigator Garfield County Sheriffs Office,
Official and Individual Capacity, At Law and Equitable
Relief, Defendants-Appellees.
 No. 95-1017.
(D.C.No. 94-B-1077).
 United States Court of Appeals, Tenth Circuit.
 Oct. 31, 1995.
 
 Before KELLY, SETH, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 KELLY
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Robert Juarez appeals the district court's orders dismissing his civil rights action against several defendants, and granting summary judgment in favor of the remaining defendants. Because no legal errors occurred, we affirm.
 
 
 3
 In 1989, Mr. Juarez was charged with multiple counts of sexual assault on a child and aggravated incest. District Attorney Blakey and Deputy Sheriff Bascom were allegedly responsible for filing the criminal complaint against Mr. Juarez, and Deputy District Attorney Cross prosecuted the action. On the advice of his appointed attorney, Calvin Lee, Mr. Juarez pled guilty to one count of sexual assault on a child and one count of aggravated incest. In September 1989, Judge Ossola sentenced Mr. Juarez to forty years' imprisonment.
 
 
 4
 In December 1989, Judge Litwiller granted Carol Winch (f/k/a Carol Ann Juarez) a dissolution of marriage from Mr. Juarez. Two years later, Mr. Juarez moved to set aside the dissolution. Attorney Brown represented Ms. Winch in this action. Caren Brace was the district court clerk for the court in which both the criminal and domestic cases took place.
 
 
 5
 In January 1990, attorney Hodges was appointed to represent Mr. Juarez in a post-conviction proceeding. The post-conviction motion was denied by Judge Ossola, and Mr. Hodges was permitted to withdraw from the case.
 
 
 6
 Mr. Juarez brought this civil rights action against the defendants named above, claiming violations of 42 U.S.C.1983 and 1985. He argues primarily that he was deprived of certain constitutional rights, and that, therefore, his convictions should be reversed.
 
 
 7
 Claims challenging the constitutionality of convictions and seeking immediate release must be brought in a habeas action, and 42 U.S.C.1983 is an improper vehicle for obtaining such relief. Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973). Mr. Juarez' damages claims, alleging malicious prosecution and conspiracy, are also not cognizable unless he can prove that his convictions "ha[ve] been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). For these reasons, as well as the reasons identified by the district court, Mr. Juarez' action was properly dismissed.
 
 
 8
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470